HEARD NOVEMBER TERM, 1878.

## JORDAN vs. MOSES.

Where two Courts have concurrent jurisdiction, the one in which the action is first brought must adjudicate the questions involved, and neither party can be forced into the other jurisdiction.

The Court of Common Pleas of the County in which the executors reside has jurisdiction of an action by creditors to marshal the assets and settle up the insolvent estate of the testator, who resided in another County, in which his property lay and his will was proved.

All the jurisdiction which the late Court of Equity possessed is vested by the Constitution of 1868 in the Court of Common Pleas.

Under a creditor's action to marshal the assets and wind up the insolvent estate of a testator, the Court has jurisdiction to order real estate of the testator lying in another County to be sold for the payment of his debts.

The provisions of §§ 41, 48, 49 and 73 of the Code of Procedure were designed to prescribe the limits of the jurisdiction of the several Courts of Probate in the different Counties of the State as between themselves, and not to limit the jurisdiction of the Court of Common Pleas.

An order made in an action by creditors to settle up the insolvent estate of a testator, that all the issues of law and fact be referred to the Judge of Probate of another County, does not confer upon the Court of Probate of that County—though it be the County where the testator resided and his will was proved—jurisdiction, by an independent proceeding, to settle up the estate.

## BEFORE SHAW, J., AT MARION, NOVEMBER, 1877.

This was a petition in the Court of Probate of Marion County by Richard Jordan against Franklin J. Moses and Montgomery Moses, executors of the last will and testament of Napthili Phillips, deceased, praying for an account and settlement of the estate of the testator and for a sale of the real estate for the payment of debts.

The petition was filed on the 9th January, 1877. The defendant F. J. Moses died very soon thereafter without having answered. The defendant Montgomery Moses answered, and for a defense thereto alleged that an action was pending in the Court of Common Pleas for Sumter County, in which Crane, Boylston & Co. were plaintiffs, and the executors above named and others defendants, praying for an account, for marshaling the assets (real and personal) of the testator, for an injunction, and, generally, for a settlement of the estate.

It appeared that the action of Crane, Boylston & Co. was commenced in 1872; that the usual order in such cases was shortly afterwards made therein, enjoining all the creditors of the testator from suing the executors and calling in creditors to prove their claims; that on October 9th, 1872, the previous order was modified

by giving creditors leave to prove their claims before the Judge of Probate for Sumter County; and that on the 18th of January, 1877, another order was made, modifying the previous order, and directing that the Judge of Probate for Marion County do take and state the accounts of the executors, and that all the issues of law and fact be referred to him.

It further appeared that the testator was, in his lifetime, a resident of Marion County; that he died there in the year 1864, leaving a considerable personal estate, and also some real estate lying in that County; that he left a last will and testament, appointing the defendants named in the petition executors thereof; that the will was admitted to probate in Marion County; that the said defendants duly qualified in said County as executors thereof; and that the defendants above named have always resided in the County of Sumter.

It further appeared that the testator had been in his lifetime trustee of one Mrs. Quinn and Mrs. McNeill, whose interests had passed to some infants; that the petitioner, Jordan, had been substituted as trustee in his place; that the testator's returns as trustee were made to the Court of Equity for Marion County, and that the claim of the petitioner, Jordan, was made on behalf of said infants, and was for the balance due by the said testator at the foot of his said returns.

The Judge of Probate overruled the defense of the surviving executor and made a decree against him for the amount of the petitioner's claim.

An appeal was taken to the Circuit Court, and His Honor Judge Shaw made a decree thereon to the effect that because of the pendency of the action in Sumter County the Court of Probate for Marion County had no jurisdiction in the premises; and he, therefore, ordered that the proceedings in the Probate Court be quashed and set aside, with costs.

The petitioner, Jordan, appealed to this Court upon a number of grounds, which sufficiently appear in the opinion of the Court.

*Walsh, Evans & Evans,* for appellant.

*Harllee & Montgomery,* contra.

January 18, 1879. The opinion of the Court was delivered by

McIVER, A. J. This was a proceeding originally instituted in the Court of Probate for Marion County by the appellant as a

creditor of the testator for the purpose of obtaining an account. from the executors and a sale of the real estate of the testator, if necessary, for the payment of his claims. The defense was that there was another action then pending in the Court of Common Pleas for the County of Sumter, where respondents resided, brought by Crane, Boylston & Co., as creditors of testator, against his executors, legatees, devisees and other creditors for account, injunction and to marshal assets, under which an order had been passed enjoining creditors from suing and calling upon them to come in and prove their demands. The Court of Probate having overruled this defense, an appeal was taken to the Court of Common Pleas, which adjudged that the decree of the Court of Probate should be set aside and the petition dismissed, and from this judgment this appeal is now taken. If it can be made to appear that the Court of Common Pleas had jurisdiction of the case brought by Crane, Boylston & Co., it is very manifest that the judgment below must be sustained; for no proposition is better settled than that where two tribunals have concurrent jurisdiction, the one which first obtains possession of the subject must adjudicate, and neither party can be forced into another jurisdiction. So that, even assuming that the Court of Probate for Marion County had jurisdiction of a proceeding of this character, yet, as it is very clear to our mind that the Court of Common Pleas also had jurisdiction, and as the action there was first commenced and was still pending when this proceeding was instituted, the jurisdiction of the Court of Probate could not be exercised. It is argued here that the Court of Common Pleas in Sumter County had no jurisdiction as to the main " object of the suit of Crane, Boylston & Co., to wit, to sell the lands of the testator in Marion," and in support of this proposition Section 146 of the Code of Procedure is cited. That Section reads as follows: "Actions for the following causes must be tried in the County in which the subject of the action, or some part thereof, is situated, subject to the power of the Court to change the place of trial in the cases provided by statute: 1. For the recovery of real property, or of an estate or interest therein, or for the determination in any form of such right or interest, and for injuries to real property. 2. For the partition of real property. 3. For the foreclosure of a mortgage of real property. 4. For the recovery of personal property distrained for any cause."

It is difficult to conceive how the action instituted by Crane, Boylston & Co. can be brought under any one of the classifications mentioned in the four subdivisions of this Section. It was simply an action for account, injunction and to marshal assets, for which purpose a sale of the lands of the testator was asked for. But it was not part of the object of that action to recover any real property or any estate or interest therein, or to determine in any form any right or interest in real estate. On the contrary, it necessarily proceeded upon the assumption that there was no controversy whatever as to the title of the real estate of the testator, and, upon the assumption that it was his, sought to have it sold for the purpose of paying his debts. There is no pretense that the action could be classed under any of the other subdivisions.

The Court of Common Pleas is invested by the Constitution, Article IV, Section 16, with "jurisdiction in all matters of equity," and no one will deny that the object of the action brought by Crane, Boylston & Co. was one of which the Court of Equity, at the time of the adoption of the Constitution of 1868, had cognizance. The fact that jurisdiction of such an action may also have been given to the Court of Probate does not oust the jurisdiction of the Court of Common Pleas under the principles established in the recent case of *Walker* vs. *Russell*, manuscript decision, filed 23d April, 1878.

Again, it is argued that the action brought by Crane, Boylston & Co. could not effect the purposes sought by the present proceeding :

1. Because the Court in Sumter could not order the sale of the land in Marion by reason of the provisions of Section 146 of the Code. This has already been considered and disposed of.

2. Because under that action the executors could not be called upon to account for a trust fund in Marion. If the Court of Common Pleas in Sumter had, as we have seen, the same jurisdiction as that originally possessed by the Court of Equity, we can see no force in this objection.

3. That the suit in Sumter was not, in fact, for the same purpose. The object of this proceeding was to obtain a judgment against the executors, and, if necessary, to obtain an order for the sale of the lands of the testator for the purpose of paying the claims set up by appellant against the estate of the testator; and as the object of the action in Sumter was to marshal the assets of the testator's estate

and for a sale of the lands, under which all persons claiming to be creditors of the testator were called in to establish their demands, we are unable to see any reason why the appellant could not have obtained the same relief which he now seeks by proving his claims under that order. The objection which he makes, that it was much more convenient for him to prove his claims in Marion than in Sumter, if entitled to any consideration, is fully met by the fact that the Judge of Probate for Marion County was originally appointed the Referee to take proof of claims, and that he could as readily prove his claims before him as Referee as he sought to do before him as Judge of the Court of Probate. As to the argument drawn from Sections 41, 48, 49 and 73 of the Code as tending to show that no proceedings could be had for the settlement of the estate of the testator except in the Court of Probate for the County in which his will was proved, it is very manifest that these provisions were only designed to prescribe the limits of the jurisdiction of the several Courts of Probate in the several Counties of the State by designating the particular Court of Probate in which such proceedings should be instituted, and not to confer exclusive jurisdiction upon that Court as against the Court of Common Pleas. But even if the language of these Sections admitted of no other interpretation than that the design was to confer exclusive jurisdiction upon the Court of Probate, such a construction would not be admissible in face of the constitutional provisions above adverted to.

The position taken by the appellant, that the order of the Court of Common Pleas in Sumter referring all the issues of law and fact to the Judge of Probate of Marion County after his petition was filed in the Court of Probate for Marion County gave that Court complete jurisdiction, cannot be sustained. This order simply constituted such Judge of Probate a Referee in the case, and in no way interfered with the jurisdiction previously acquired by the Court of Common Pleas in Sumter. The issues were referred not to the Court of Probate but to the person who then held the office of Judge of that Court, just as it frequently happens that issues are referred to the Clerk of the Court of Common Pleas.

The judgment of the Circuit Court is affirmed.

*Willard*, C. J., and *Haskell*, A. J., concurred.